JEAN BAPTISTE CAPDEVIELLE *v.* JOSEPH H. ERWIN, Sheriff, et als.

Where an administrator files an account showing a balance due by him to the heir, and asks for its homologation, he cannot be heard to say that the judgment he himself provoked, is not binding upon him as a judgment, because rendered *ex parte*.

The required notices being given, and no opposition being filed to the administrator's account, it was competent for the Clerk to render a judgment of homologation.

An injunction to stay execution upon such judgment, will be dissolved with damages.

APPEAL from the Sixth District Court of the Parish of Iberville, *Beale,* J. *Z. Labauve* and *E. W. Blake,* for plaintiff and appellant. *J. H. Ilsley, E. W. Robertson* and *Michel,* for defendants.

SPOFFORD, J. This is an injunction sued out by the plaintiffs to restrain an an execution issued at the instance of *Louis E. Landry,* upon a judgment homologating the account of the plaintiff, as administrator of the succession of *Mrs. Louis E. Landry,* for the balance thereon adjudged to be due by the plaintiff to the heir.

The injunction was perpetuated for the sum of four hundred dollars and dissolved, as to the balance, with damages.

· The plaintiff in injunction has appealed. He contends that the judgment of homologation was rendered *ex parte* by the Clerk, and that no execution can issue thereupon.

It was not, in legal contemplation, *ex parte*, for the required notices were given. But the party who asked for the homologation of the account showing the balance due by him to the heir, certainly cannot be heard to say that the judgment he himself provoked, is not binding upon him as a judgment, because rendered *ex parte*.

There being no opposition filed to the plaintiff's account, it was competent for the Clerk to render such a judgment as he has rendered. Acts of 1855, p. 50, sec. 4; Constitution, Art. 76.

The· plaintiff in injunction is precluded from denying that the defendant *Louis E. Landry*, was the person entitled to claim the benefit of the judgment of homologation liquidating the balance due to the heir.

The estate of *Mrs. Landry*, administered by the plaintiff, was not vacant; he was appointed administrator, not curator; the heir was present; a minor whom the law made heir with benefit of an inventory. The plaintiff, in his official capacity, recognized the minor child of the deceased and *Louis E. Landry*, her husband, as sole heir to the deceased, and had a tutor *ad hoc* appointed to represent the child in the mortuary proceedings. Pending those proceedings, the child died, and the father thus became heir to the whole succession. This appears from the papers filed in his quality as administrator by the plaintiff himself. Moreover, the present injunction is based mainly upon the allegation that *Louis E. Landry* was the sole heir, and had settled with the plaintiff as administrator, by giving him a discharge in full for the balance now in controversy. Under these circumstances, the plaintiff cannot be heard to urge that *Louis E. Landry* has not been recognized as heir, and was without authority to take out execution for the balance adjudged to be due upon the administrator's own showing.

As to the alleged settlement and discharge, it is clearly shown that the plaintiff paid *Landry* only $400, upon a claim exceeding $1,800, and took a receipt in full from him at a time when he was so intoxicated as to be incapable of making a valid contract.

*Landry* acknowledges the correctness of the judgment perpetuating the injunction to the extent of $400, but, in this court, he has filed an answer praying damages as for a frivolous appeal.

As the District Judge awarded damages upon the dissolution of the injunction and the delay has been very short, we do not feel called upon to grant the appellee's prayer.

Judgment affirmed.